AARON KAUFMANN, CSB 148580
DAVID POGREL, CSB 203787
GISELLE OLMEDO, CSB 294750
LEONARD CARDER, LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
Email: akaufmann@leonardcarder.com
Email: dpogrel@leonardcarder.com
Email: golmedo@leonardcarder.com

*Attorneys for Plaintiffs and the putative class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FRANCISCO SANCHEZ and JOSE ANTONIO REYES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROADRUNNER TRANSPORTATION SERVICES, INC, a Delaware corporation; ROADRUNNER TRANSPORTATION SYSTEMS, INC, a Delaware corporation,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) **REIMBURSEMENT OF EMPLOYMENT EXPENSES (Labor Code § 2802, 2804; IWC Wage Order 9)**<br><br>(2) **VIOLATIONS OF Calif. UCL (Bus. & Prof. Code §§ 17200 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiffs Jose Francisco Sanchez and Jose Antonio Reyes allege as follows on behalf of themselves and all others similarly situated in the State of California:

## I. INTRODUCTION

2. This is an action for relief from Defendants Roadrunner Transportation Services, Inc. and Roadrunner Transportation Systems, Inc. (collectively "Roadrunner" or "Defendants") unlawful misclassification of former and current Roadrunner pick-up and delivery drivers as "Independent Contractors." Defendants provide delivery services to private and public entities, as well as residential clients. These shipping and delivery services form the core of Defendants' business. Defendants engaged or engage Plaintiffs and similarly situated pick-up and delivery drivers ("Delivery Drivers" or "Class Members") to perform these services.

3. By misclassifying the Delivery Drivers as "Independent Contractors," Defendants have sought to avoid various duties and obligations owed to employees under the California Labor Code and the California Industrial Welfare Commission ("IWC") wage orders, including, but not limited to: the duty to indemnify employees for expenses and losses incurred in connection with their employment (Cal. Labor Code §§ 2802, 2804; IWC wage order No. 9, § 9).

4. Employers, like Defendants, may not lawfully avoid these legal obligations by labeling workers "Independent Contractors," who, by their terms and conditions of engagement, are employees. Roadrunner retains the right to control and direct the performance of the delivery services, both under the contract it requires the Delivery Drivers to enter into and in fact. Such services are central to Roadrunner's business. Accordingly, Roadrunner retains pervasive control over its delivery business operation and has retained the right to control the manner and means of the Delivery Drivers' work. As such, the Delivery Drivers have served as Roadrunner's employees under California law, as described more fully *infra*.

5. Because Defendants have deprived Plaintiffs and similarly situated Delivery Drivers of the rights and protections that California law guarantees to all employees, Defendants' classification of the Delivery Drivers as "Independent Contractors" and the attendant deprivation of substantial rights and benefits of employment are part of an on-going unfair and/or unlawful business practice by Defendants.

6. Plaintiffs bring claims under California law for failure to reimburse business expenses, restitution, disgorgement, interest, and attorneys' fees and costs. Due to the four-year statute of limitations for applicable claims under the California Business and Professions Code § 17200 *et seq.*, Plaintiffs seek damages and restitution resulting from Defendants' violations that have accrued or will accrue at any time from four years prior to the filing of this Complaint through the date of class certification.

## II.     JURISDICTION

7. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), in that Plaintiffs and Defendants are citizens of different states, there are more than 100 or more putative class members, and the matter in controversy exceeds, exclusive of costs and interest, $5 million dollars.

## III.     VENUE

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Roadrunner transacts business and/or has agents in this District and a substantial part of the events or omissions giving rise to Class Members' claims occurred in this District. Defendants are otherwise within this Court's jurisdiction for purposes of service of process. Roadrunner Transportation Services, Inc. and Roadrunner Transportation Systems, Inc. have both failed to register a California-based principal place of business with the California Secretary of State, as such venue is proper in any county in the state of California, and thus venue is also proper in this District.

## IV.     INTRADISTRICT ASSIGNMENT

9. This action is properly assigned to the San Francisco or the Oakland Division of this District, pursuant to Civil L.R. 3-2(c) and (d), because a substantial part of the events or omissions giving rise to the claims stated herein arose within Alameda and San Francisco Counties.

## V.     PARTIES

10. Plaintiff Jose Francisco Sanchez worked as a Delivery Driver for Defendants from approximately 2010 to August 2020. At all relevant times, he was an "employee" of Defendants, as that term is used in the California Labor Code and the IWC wage orders regulating wages, hours, and working conditions. He worked for Defendants pursuant to an Independent Contractor

Operating Agreement performing delivery services exclusively in California. He is a citizen of California residing in Jurupa Valley, California.

11. Plaintiff Jose Antonio Reyes worked as a Delivery Driver for Defendants from approximately 2008 to September 14, 2020. At all relevant times, he was an "employee" of Defendants, as that term is used in the California Labor Code and the IWC wage orders regulating wages, hours, and working conditions. He worked for Defendants pursuant to an Independent Contractor Operator Agreement performing delivery services exclusively in California. He is a citizen of California residing in Jurupa Valley, California.

12. Defendant Roadrunner Transportation Services, Inc. is a corporation organized and operated under the laws of the State of Delaware, with its principal executive offices in Cudahy, Wisconsin. In California, Roadrunner Transportation Services, Inc. has service centers in Commerce, Livermore, Mira Loma and Riverside. Roadrunner Transportation Services, Inc. has been at all times relevant to this Complaint, an employer covered by the California Labor Code and IWC Wage Order No. 9.

13. Defendant Roadrunner Transportation Systems, Inc. is a corporation organized and operated under the laws of the State of Delaware, with its principal executive offices in Downers Grove, Illinois. In California, Roadrunner Transportation Systems, Inc. has service centers in Commerce, Livermore, and Mira Loma. Roadrunner Transportation Systems, Inc. has been at all times relevant to this Complaint, an employer covered by the California Labor Code and IWC Wage Order No. 9.

14. All of Plaintiffs' claims stated herein are asserted against Defendants and any of their owners, predecessors, successors, subsidiaries, and/or assigns.

15. Plaintiffs are informed and believe, and based thereon allege, that all Defendants have violated the Industrial Wage Commission Wage Order and related Labor Code provisions acting as joint employers or as a single integrated employer of Plaintiffs and the Class.

## VI. FACTUAL BACKGROUND

16. Roadrunner hires Delivery Drivers to provide pick-up and delivery services for its customers.

17. These pick-up and delivery services are integral and essential to, and within the usual course of, Roadrunner's core business.

18. Neither Plaintiffs nor other Delivery Drivers are, or at the relevant times were, customarily engaged in an independently established trade, occupation or business providing transportation or pick-up and delivery services beyond those provided to Roadrunner.

19. The "Independent Contractor Operating Agreement" or "Independent Contractor Operator Agreement" ("Agreement") between Roadrunner and each of the Delivery Drivers, which states that the Delivery Drivers are "Independent Contractors," is a contract of adhesion drafted exclusively by Defendants and/or on their behalf by their agents. The terms of the Agreement are non-negotiable. Through this Agreement, Roadrunner reserves and actually exercises the right to control the manner and means by which the Delivery Drivers perform the pick-up and delivery services and the significant economic terms under which those services are performed.

20. Roadrunner requires the Delivery Drivers to make pick-ups and deliveries under Roadrunner's Motor Carrier and Department of Transportation operating authority, even if the Delivery Drivers have their own license. Additionally, Roadrunner requires the Delivery Drivers to use the Roadrunner logo on the Delivery Drivers' trucks. The Agreement provides that upon termination of the Agreement, Roadrunner may withhold compensation until all the Roadrunner identification has been removed from the vehicle.

21. Roadrunner determines the Delivery Drivers' assignments and service areas, including the companies Delivery Drivers pick up from and deliver to and set appointment times for some retailer or residential clients. Delivery Drivers are typically assigned to cover specific areas in California.

22. Plaintiffs typically worked Monday through Friday, and on some Saturdays. Generally, they started at the Roadrunner terminal between 6:00am - 8:00am, and finished their day between 6:00pm - 7:00pm, sometimes later.

23. At the end of the work day, Delivery Drivers typically checked the company notice board or print-out for their scheduled show-up time for the next day before leaving the terminal.

24. While the Agreement states that Delivery Drivers could reject shipments, this was not the case. Plaintiffs were disciplined if they tried to reject work by being sent home early, receiving no work the following day or given a poor work assignment.

25. While the Agreement provides that Delivery Drivers could provide transportation services for other companies, Plaintiffs were not allowed to provide services to others during their employment with Defendants. The Agreement requires Roadrunner's prior authorization before providing services to others; failing to do so constitutes a material breach of the Agreement.

26. Roadrunner requires the Delivery Drivers to provide a vehicle to perform their services, at the Delivery Drivers' expense. Roadrunner also requires that the Delivery Drivers pay for the use and maintenance of the vehicle used to provide services to Roadrunner, including payment for fuel, mileage, maintenance and repair, insurance, depreciation, lease payments, and parts. Delivery Drivers pay for these expenses without reimbursement from Roadrunner.

27. Roadrunner requires Delivery Drivers to use a smartphone loaded with Roadrunner's application to document their work and track their progress. Roadrunner's dispatchers communicate with Delivery Drivers through the application, and by calling or texting Delivery Drivers.

28. Roadrunner's Agreement specifies the type of phone and specs that Delivery Drivers must use, including but not limited to the operating system, the minimum number of megapixels for the camera, and third-party apps that had to be installed—McLeod Software Anywhere App. Delivery Drivers pay for the cost of the phone and for the associated monthly service fees.

29. Roadrunner requires the Delivery Drivers undergo and pay for physical and medical examinations approximately every two years. Delivery Drivers pay for these physical and medical examinations without reimbursement from Roadrunner.

30. Roadrunner told Delivery Drivers to use its uniform consisting of the Roadrunner colors—a blue shirt and pants. Plaintiffs were required to pay for the uniform and were not reimbursed for these expenses.

31. Roadrunner pays the Delivery Drivers weekly, based on flat amounts for each delivery in amounts that Roadrunner unilaterally determines.

32. Roadrunner, through its Agreement with the Delivery Drivers, requires the Delivery Drivers to obtain, at their own expense, certain types of insurance with certain coverage terms and limitations, and worker's compensation. While the Agreement states that the Delivery Drivers are free to elect an insurer carrier, the Agreement requires that the insurance carrier must be an "A.M. Best "A"-rated or of equivalent financial strength." Plaintiffs used Roadrunner's insurance. Plaintiffs are informed and believe that most other drivers used Defendants' insurance.

33. Roadrunner requires the Delivery Drivers to purchase certain equipment to complete delivery services, such as pallet jacks and dollies.

34. Defendants may terminate the Delivery Drivers immediately for a number of reasons, including alleged breaches or the alleged actual, attempted or threat to commit a felony or intentional tort by Delivery Driver, as determined by Defendants.

35. Despite Roadrunner's pervasive control, and right to control, over all aspects of the delivery service operation, including the details of the Delivery Drivers' work, Defendants have classified and treated the Delivery Drivers as "Independent Contractors."

36. Roadrunner's classification and treatment of the Delivery Drivers as "Independent Contractors" rather than as "employees" is, and during all relevant times has been, unlawful.

37. As a result of Defendants' misclassification of the Delivery Drivers as "Independent Contractors," Defendants have failed to indemnify them for the employment expenses they necessarily incur in performing their assigned job duties for Roadrunner, such as the costs of providing and operating a delivery vehicle, including fuel, maintenance, repair, and licensing; insurance; certain equipment required to perform delivery services; physical and medical examinations for employment; and cellular telephones and associated service costs. Defendants have taken deductions from Delivery Drivers' compensation for certain of these employment-related expenses, without reimbursement.

//

//

## VII. CLASS ACTION ALLEGATIONS

38. Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Class that Plaintiffs seek to represent a Rule 23 class (the "Class") composed of and defined as:

> All persons who are or were Delivery Drivers performing delivery services for Roadrunner Transportation Services, Inc. and/or Roadrunner Transportation Systems, Inc. in the State of California while identified as the "Contractor" in an operative "Independent Contractor Local Agreement" or "Independent Contractor Operator Agreement" (referred to as "Class Members" or "Delivery Drivers") during the period commencing May 1, 2016 through certification of this matter as a class action ("Class Period").

39. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23(b)(3) because there is a well-defined community of interest in the litigation, the proposed Class is easily ascertainable, and Plaintiffs are proper representatives of the Class:

   a. <u>Numerosity</u>: The potential Class Members are so numerous that joinder would be impracticable. Plaintiffs are informed and believe and on such information allege that Defendants have employed scores of Class Members in California during the Class Period. The names and addresses of the Class Members are available to Defendants. Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

   b. <u>Commonality and Predominance of Common Questions</u>: There are questions of law and fact common to Plaintiffs and the Class Members that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

   i. Whether the Class Members have served Defendants as employees rather than independent contractors under California law;

   ii. Whether Defendants have failed to reimburse business expenses to Class Members as required by Labor Code § 2802, 2804 and IWC wage order No. 9, § 9;

      iii. Whether Defendants' failure to reimburse business expenses constitutes an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code §§ 17200, *et seq.*;

      iv. The proper formula for calculating restitution and damages owed to Plaintiffs and the Class alleged herein.

   c. <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the Class. Defendants' common course of unlawful conduct has caused Plaintiffs and similarly situated Class Members to sustain the same or similar injuries and damages caused by the same practices of Defendants.  Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

   d. <u>Adequacy of Representation</u>:  Plaintiffs are members of the Class, do not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.  Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.  Plaintiffs' counsel is competent and experienced in litigating large employment class actions, including large wage-and-hour class actions.

   e. <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Member of the Class has been damaged or may be damaged in the future by reason of Defendants' unlawful policies and practices detailed herein.  Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Certifying this case as a class action is superior because it will allow for efficient and full disgorgement of the ill-gotten gains Defendants have enjoyed by failing to reimburse business expenses.  Class treatment will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment.  If this action is not certified as a Class Action, it will be impossible as a practical matter for many or most Class Members to bring individual actions to recover monies unlawfully

withheld from their wages.

## VIII. DAMAGES

40. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiffs and similarly situated Delivery Drivers are owed reimbursed business expenses plus interest, attorneys' fees and costs pursuant to Labor Code § 2802, Code of Civil Procedure § 1021.5 and/or other applicable law or statutory penalties, the precise amount of which will be proven at trial.

## IX. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### REIMBURSEMENT OF BUSINESS EXPENSES
### (CAL. LABOR CODE §§ 2802, 2804; IWC WAGE ORDER NO. 9)

41. The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and the above-described Class of similarly situated Delivery Drivers employed by Defendants in California.

42. California Labor Code § 2802 provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

43. IWC wage order No. 9, § 9 provides that "when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage . . . may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

44. Labor Code § 2804 provides: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part therefor is null and void."

45. The Agreement allocates costs and vehicle operating expenses to the Delivery Drivers in violation of Labor Code §§ 2802 and 2804.

46. While acting on the direct instruction of Defendants and discharging their duties for them, Plaintiffs incurred necessary work-related expenses. Such expenses include but are not limited to the cost of fuel, maintenance, repairs, and other vehicle operating costs; various forms of

insurance; cellular telephones and related monthly services; costs of physical or medical examinations for employment; and tools and equipment.

47. Plaintiffs and Delivery Drivers necessarily incurred these substantial expenses as a direct result of performing their job duties for Defendants.

48. Defendants have failed to indemnify or in any manner reimburse Plaintiffs and Delivery Drivers for these expenditures. By misclassifying Plaintiffs and Class Members as "Independent Contractors," and further by requiring those employees to pay expenses that they incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience to Defendants' direction, Defendants have violated and continue to violate Cal. Labor Code § 2802.

49. As a direct and proximate result of Defendants' conduct, Plaintiffs and Class Members have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action.

50. Plaintiffs, on behalf of themselves and similarly situated Delivery Drivers, request relief as described below.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)
### (CAL. BUSINESS & PROFESSIONS CODE §§ 17200-09)

51. The allegations in all of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and the above-described Class of similarly situated Delivery Drivers employed by Defendants in California.

52. Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

53. Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

54. Beginning at an exact date unknown to Plaintiffs, but at least four years prior to the filing of this action, Defendants have committed unlawful, unfair, and/or fraudulent business acts

and practices as defined by Business & Professions Code § 17200, by failing to reimburse business expenses to Plaintiffs and similarly situated Delivery Drivers.

55. The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business & Professions Code § 17200.

56. As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiffs and similarly situated Delivery Drivers. As a direct and proximate result of Defendants' unlawful business practices, Plaintiffs and similarly situated Delivery Drivers have suffered economic injuries including, but not limited to, unreimbursed business expenses and costs of employment physical examination. Defendants have profited from their unlawful, unfair, and/or fraudulent acts and practices in the amount of those unreimbursed expenses and interest accrued by Plaintiffs and similarly situated Delivery Drivers.

57. Plaintiffs and similarly situated Delivery Drivers are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for unreimbursed expenses and interest since four years prior to the filing of this action.

58. Plaintiffs and similarly situated Delivery Drivers are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

59. Plaintiffs' success in this action will enforce important rights affecting the public interest. In this regard, Plaintiffs sue on behalf of the public as well as on behalf of themselves and others similarly situated. Plaintiffs seek and are entitled to the unpaid compensation, declaratory relief, penalties, and any other appropriate remedy.

60. In order to prevent Defendants from profiting and benefiting from their wrongful and illegal acts and continuing those acts, Plaintiffs and similarly situated Delivery Drivers seek an order requiring Defendants to disgorge all the profits and gains they have reaped and restore such profits and gains to Plaintiffs and similarly situated Delivery Drivers, from whom they were unlawfully taken.

61. Plaintiffs have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action, which is in the

public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

62. By all of the foregoing alleged conduct, Defendants have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §§ 17200, *et seq*.

63. As a direct and proximate result of the unfair business practices described above, Plaintiffs and other similarly situated Delivery Drivers have all suffered significant losses and Defendants have been unjustly enriched.

64. Pursuant to Business & Professions Code § 17203, Plaintiffs and other similarly situated Delivery Drivers are entitled to: (a) restitution of money acquired by Defendants by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; and (b) a declaration that Defendants' business practices are unfair and unlawful within the meaning of the statute.

65. Plaintiffs, on behalf of themselves and similarly situated Delivery Drivers, request relief as described below.

### X. PRAYER FOR RELIEF

66. WHEREFORE, Plaintiffs, on behalf of themselves and the above-described Class of similarly situated Delivery Drivers, requests relief as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Rule 23, and define the Class as requested herein;

B. Provision of class notice to all members of the Class;

C. A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law:

1. Labor Code §§ 2802, 2804 and IWC wage order No. 9 by failing to reimburse business expenses to Delivery Drivers; and

2. Business & Professions Code § 17200 *et seq.* by failing to indemnify Delivery Drivers for all necessarily incurred business expenses.

- 12 -
CLASS ACTION COMPLAINT
Case 2:21-cv-00893-LA   Filed 02/04/21   Page 13 of 14   Document 1

|   |   |
|---|---|
| 1 | D. A declaratory judgment that Defendants' violations as described above were |
| 2 | willful; |
| 3 | E. An equitable accounting to identify, locate, and restore to all current and |
| 4 | former Delivery Drivers the expenses and interest that are due; |
| 5 | F. An award to Plaintiffs and the Class Members of damages in the amount of |
| 6 | necessarily incurred business expenses, including interest, subject to proof at trial; |
| 7 | G. An order requiring Defendants to cease and desist their unlawful acts alleged |
| 8 | herein and provide Delivery Drivers with all statutory law rights afforded employees in California, |
| 9 | including but not limited to, indemnification of business expenses; |
| 10 | H. An order requiring Defendants to pay restitution of all amounts owed to |
| 11 | Plaintiffs and similarly situated Delivery Drivers, including for Defendants' failure to indemnify |
| 12 | necessarily incurred business expenses and interest thereon, in an amount according to proof, |
| 13 | pursuant to Business & Professions Code § 17203; |
| 14 | I. An award to Plaintiffs and the Class Members of reasonable attorneys' fees |
| 15 | and costs, pursuant to Labor Code § 2802, Code of Civil Procedure § 1021.5 and/or other |
| 16 | applicable law; and |
| 17 | J. An award to Plaintiffs and the Class Members of such other and further |
| 18 | relief as this Court deems just and proper. |

## XI. REQUEST FOR JURY TRIAL

67. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury on behalf of themselves and the above-described Class of similarly situated Delivery Drivers.

DATED: February 4, 2021

LEONARD CARDER LLP

By: _____
Aaron Kaufmann
David Pogrel
Giselle Olmedo

*Attorneys for Plaintiffs and the putative class*