United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FRANCISCO SANCHEZ and JOSE ANTONIO REYES,<br><br>Plaintiffs,<br><br>v.<br><br>ROADRUNNER TRANSPORTATION SERVICES, INC. and ROADRUNNER TRANSPORTATION SYSTEMS, INC.,<br><br>Defendants. | Case No. 21-cv-00890-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER VENUE**<br><br>Re: Doc. No. 25 |

Before the Court is defendants' "Motion to Dismiss or in the Alternative to Transfer Venue," filed May 11, 2021. Plaintiffs have filed opposition, to which defendants have replied. Having read and considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.[1]

On May 12, 2020, <u>Julian Garcia v. Roadrunner Transportation Services, Inc. and Roadrunner Transportation Systems, Inc.</u> was filed in state court, alleging, on behalf of the named plaintiff and a putative class, claims against both defendants under California Labor Code §§ 2802 and 2804 and California Business & Professions Code §§ 17200 <u>et seq.</u> On October 5, 2020, the case was removed to this District. <u>See</u> Case No. 20-CV-6918-MMC (hereinafter "<u>Garcia</u>").

On February 4, 2021, the above-titled action (hereinafter "<u>Sanchez</u>") was filed in this District, alleging, as against the same two defendants, essentially the same claims as asserted in <u>Garcia</u>, the only differences being the date on which the class period

---

[1] By order filed June 22, 2021, the Court took the matter under submission.

commences (April 1, 2016, in Garcia and May 1, 2016, in Sanchez) and one additional cause of action in Sanchez, namely, a claim under California Labor Code §§ 2698 et seq.

On February 10, 2021, defendants, relying on a forum-selection clause, moved to transfer Garcia to the Eastern District of Wisconsin and, on July 20, 2021, the motion was granted.

In light of the above, the Court finds, for the reasons set forth by defendants (see Mot. at 8:5-9:22), the instant action is subject to dismissal or transfer under the first-to-file rule, see Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc., 787 F.3d 1237, 1240–41 (9th Cir. 2015) (listing requirements for application of first-to-file rule), and, in this instance, the Court finds transfer is preferable, see Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 623 (9th Cir. 1991) (holding first-to-file rule "allows a district court to transfer, stay, or dismiss" later-filed action).[2]

Accordingly, the motion is hereby GRANTED in part and DENIED in part, and the above-titled action is hereby ordered TRANSFERRED to the United States District Court for the Eastern District of Wisconsin.

**IT IS SO ORDERED.**

Dated: July 27, 2021

MAXINE M. CHESNEY
United States District Judge

---

[2] Although plaintiffs state it is "likely" plaintiff Garcia will dismiss his case (see Opp. at 5:9), a review of the docket in Garcia reflects no dismissal has been filed to date and, given that an answer has been filed therein, any such relief will require either a stipulation or a court order, see Fed. R. Civ. P. 41. In any event, if Garcia ultimately is dismissed in the Eastern District of Wisconsin, the parties will have the opportunity to set forth before that Court their respective positions as to whether Sanchez should remain in that District.